# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**EDWARD ROBINSON  #04979-095**                                           **PETITIONER**

**V.**                                              **CIVIL ACTION NO. 5:10cv87-DCB-RHW**

**BRUCE PEARSON, Warden**                                                  **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is [1] the *pro se* petition of Edward Robinson for a writ of habeas corpus filed May 13, 2010 under 28 U.S.C. § 2241, along with [13] Respondent's answer to the petition filed November 2, 2010.  Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

### Procedural History and Facts

Edward Robinson is a federal inmate serving a 57-month sentence for possession of a firearm by convicted felon.  He was incarcerated at FCC Yazoo City when he filed this petition, and Bruce Pearson was the warden of FCC Yazoo City at that time.  As of the date of this report, the Federal Bureau of Prisons (BOP) inmate locator shows Robinson is incarcerated at New Orleans CCM, with an actual or projected release date of July 31, 2012.

While Robinson was on parole from the Louisiana Department of Corrections (LDOC), he was arrested by the Baton Rouge, Louisiana Police Department on April 19, 2007, for possession of a firearm after conviction of a felony.  Louisiana revoked Robinson's parole on May 24, 2007.  Since LDOC records show Robinson received 10 days of jail credit toward his parole violator term, he effectively began serving his state time for the parole violation on May 14, 2007, and completed the state sentence May 21, 2008.  [13-2, -3]

In the meantime, on October 31, 2007, Robinson was indicted in Federal Court on the charge of convicted felon knowingly possessing a firearm. Pursuant to writ of habeas corpus *ad prosequendum*, Robinson was temporarily transferred to federal custody from January 4, 2008 to January 14, 2008, when he was returned to state custody. Upon completion of his state court sentence on May 21, 2008, Robinson was turned over to the United States Marshals Service on the federal charge. [13-2, -3, -4, and -5] On September 30, 2008, Robinson was sentenced on the federal indictment to serve 57 months, "to run consecutively to any previous state or federal sentence." [13-6] He was committed to BOP custody November 25, 2008 to serve the federal sentence. [13-1] The BOP prepared a sentence computation commencing Robinson's sentence the day he was sentenced (September 30, 2008), allowing him credit for the 24 days which LDOC did not apply toward his parole violator term (April 19, 2007 - May 13, 2007), and for the time which passed between Robinson's completion of the state sentence and his sentencing on the federal charge (May 22, 2008 - September 29, 2008). [13-1]

In the present petition, Robinson challenges the calculation of his federal sentence, contending he is entitled to credit against his federal sentence for time served in LDOC custody from May 15, 2007 to May 21, 2008, and that his federal release date should be adjusted accordingly. *See*, [1-2], [5]. Respondent urges the Court to deny Robinson's petition because he is not entitled to credit against both his state and federal sentences under 18 U.S.C. § 3585(b).

Law and Analysis

Robinson was in the primary custody of the LDOC from May 15, 2007 to May 21, 2008, serving his parole violator sentence. This includes the time he was on federal writ. *Causey v. Civiletti*, 621 F. 2d 691, 693 (5th Cir. 1980) states:

2

> The law is clear in this circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary ... A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.

Robinson's jail time credit is governed by 18 U.S.C. § 3585 which provides that a prison sentence begins the day the defendant "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Subsection (b) of the statute addresses the issue presented by Robinson's habeas petition:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

(emphasis added). When Congress enacted 18 U.S.C. § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Horn v. Tamez*, 2007 WL 1702198, at *2, n. 4 (N.D. Tex. June 12, 2007) ("§3585(b) precludes a prisoner from receiving double credit for time served in state custody, and hence [petitioner] could not receive credit against his federal sentence where he has already received credit against his state sentence") (citing *Wilson*, 503 U.S. at 332-33; *U.S. v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983); *Radcliffe v. Clark*, 451 F.2d 250, 251-52 (5th Cir. 1971); *Pennant v. United States*, 31 F. Appx. 832, 2002 WL 180341, at *1 (5th Cir. 2002)).

The Declaration of Scott Farr, Management Analyst at the Designation and Sentence Computation Center [13-2] and LDOC records [13-3] establish that the time period for which Robinson seeks credit against his federal sentence was credited toward his state parole violator

sentence; *i.e.*, that counting the 10 days jail credit allowed by LDOC, Robinson began serving his state parole violator sentence May 14, 2007. [13-2], [13-3] The evidence before the Court is uncontested that Robinson completed the state parole violator sentence on May 21, 2008. Since that time was credited against his state parole violator sentence, under the statute he is not entitled to credit against his federal sentence for the period from May 15, 2007-May 21, 2008. In a nutshell, Robinson was arrested April 19, 2007. He received credit against his federal sentence from April 19, 2007-May 13, 2007; he received credit against his state parole violator sentence from May 14, 2007-May 21, 2008; and he has received credit against his federal sentence from May 22, 2008 to date. Robinson is entitled to no additional credit against his federal sentence.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Robinson's Petition for a Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive,

4

or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

     Signed, this the 24th day of April, 2012.

                                          /s/ *Robert H. Walker*
                                          ROBERT H. WALKER
                                          UNITED STATES MAGISTRATE JUDGE